IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE PULIDO, *on behalf of himself and others similarly situated*, and DAVID ROJAS, ELISEO GONZALEZ, and VICTOR MORENO-AGUILERA, *individually*, <br><br> Plaintiffs, <br><br> v. <br><br> MICK WHITE RENOVATIONS, LLC, J. AND C. FLOOR CARE, JOHN WHITE, and CARLOS GARCIA <br><br> Defendants. | Case No. <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **JURY DEMAND** |

## COMPLAINT

Plaintiffs, as a Complaint against Defendants, allege the following:

### NATURE OF THE CASE

1. This is a collective action to remedy violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, as well as a class action pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4a, on behalf of a class of Illinois employees represented by named Plaintiff Jose Pulido (the "Illinois Class").

2. Plaintiffs David Rojas, Eliseo Gonzalez, and Victor Manuel Moreno-Aguilera have opted into the collective action by signing and filing, along with this Complaint, written consent pursuant to 29 U.S.C. §216(b).

3. In violation of the FLSA, Defendants failed to pay Plaintiffs and other similarly situated workers overtime compensation at the rate of one and one-half times their regular rates of pay for the hours they worked in excess of 40 in a workweek. Defendants also violated the IMWL by failing to pay Plaintiffs and other members of the Illinois Class at the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked.

4. As a remedy for Defendants' illegal acts, Plaintiffs seek an award of back pay, liquidated damages, state law penalties, other equitable make-whole relief, and attorney's fees and costs.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over Plaintiffs' FLSA claims and this collective action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because they are so closely related to the federal claims that they form part of the same Article III case.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this District.

## PARTIES

8. Plaintiff Jose Pulido is an individual residing in the Village of Palatine, State of Illinois. Within the three-year period prior to the filing of this

2

Complaint, Plaintiff Pulido was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e) and 820 ILCS 105/3(d).

9. Plaintiff David Rojas is an individual residing in the City of Chicago, State of Illinois. Within the three-year period prior to the filing of this Complaint, Plaintiff Rojas was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e) and 820 ILCS 105/3(d).

10. Plaintiff Victor Moreno-Aguilera is an individual residing in the City of Chicago, State of Illinois. Within the three-year period prior to the filing of this Complaint, Plaintiff Moreno-Aguilera was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e) and 820 ILCS 105/3(d).

11. Plaintiff Eliseo Gonzalez is an individual residing in the State of Guerrero, Mexico. Within the three-year period prior to the filing of this Complaint, Plaintiff Gonzalez was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e) and 820 ILCS 105/3(d).

12. Defendant Mick White Renovations, LLC ("Mick White") is a Missouri limited liability company with a principal place of business in Overland Park, Kansas. Defendant Mick White offers various hotel renovation services, including design, construction, and project management.

13. Defendant Mick White is, and at all times relevant was, an enterprise as defined in Section 3(r)(l) of the FLSA, 29 U.S.C. § 203(r)(l), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(l)(A).

14. At all times relevant herein, Defendant Mick White was an "employer" as defined in the FLSA, 29 U.S.C. § 203(s)(l)(A), and the IMWL, 820 ILCS 105/3(c).

15. Defendant J. & C. Floor Care is, on information and belief, an unincorporated business, with its principal place of business in Ecorse, Michigan, that specializes in floor covering but also offers general installation services.

16. Defendant J. & C. Floor Care is, and at all times relevant was, an enterprise as defined in Section 3(r)(l) of the FLSA, 29 U.S.C. § 203(r)(l), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(l)(A).

17. At all times relevant herein, Defendant J. & C. Floor Care was an "employer" as defined in the FLSA, 29 U.S.C. § 203(s)(l)(A), and the IMWL, 820 ILCS 105/3(c).

18. Defendant John White is a managing member of Mick White and responsible for oversight of its business operations. At all times relevant herein, John White was an "employer" within the meaning of 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

19. Defendant Carlos Garcia is, on information and belief, an owner of J. & C. Floor Care and responsible for oversight of its business operations including, at all times relevant herein, the day-to-day supervision of Plaintiffs' and similarly situated workers' employment.

20. At all times relevant herein, Carlos Garcia was an "employer" within the meaning of 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c). Defendants

John White and Carlos Garcia are referred to collectively herein as the "Individual Defendants."

21. Defendants Mick White, J. & C. Floor Care, and the Individual Defendants jointly employed Plaintiffs and similarly situated workers within the meaning of the FLSA and the Illinois Minimum Wage Law and are jointly and severally liable for the violations of law asserted herein.

## FACTUAL ALLEGATIONS

22. This is an action brought to remedy wage theft in violation of the Fair Labor Standards Act and the Illinois Minimum Wage Law.

23. Plaintiffs and similarly situated persons worked for Mick White, J. & C. Floor Care, and the Individual Defendants within the 3-year period prior to the filing of this Complaint.

24. Plaintiffs and similarly situated persons were jointly employed by Mick White, J. & C. Floor Care, and the Individual Defendants to perform general labor, such as dry-walling, caulking, painting, wall-papering, and other construction and installation projects, in a renovation project at the Residence Inn Chicago Waukegan/Gurnee in Waukegan, Illinois. The work was performed from November 2012 through March 2013.

25. In addition to Plaintiffs, Defendants employed other similarly situated employees as general laborers on the project at the Residence Inn Chicago Waukegan/Gurnee.

26. At all relevant times herein, Plaintiffs and similarly situated employees worked in excess of 40 hours per week.

27. In fact, Plaintiffs' and other similarly situated employees' work hours were far in excess of 40 hours per week, averaging more than twice the 40-hour limit on "straight-time" pay.

28. At all relevant times herein, Plaintiffs and similarly situated employees received straight-time pay for the overtime hours they worked, in violation of the FLSA, 29 USCA § 207(a), and the IMWL, 820 ILCS 105/4a.

29. Plaintiffs worked with others similarly situated. On information and believe, the potential collective action and class action of similarly situated employees includes 20-30 laborers, who suffered the same wage theft violations.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff Jose Pulido brings Count I of this action pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct ("the FLSA Class").

31. The FLSA Class, of which Plaintiffs are themselves members, and for whom Plaintiff Pulido seeks the right to send "opt-in" notices for purposes of the collective action, is composed of and defined as follows:

> All general laborers employed by Mick White Renovations, LLC, J. & C. Floor Care, John White, and Carlos Garcia between November 2012 and March 2013 to perform work at the Residence Inn Chicago Waukegan/Gurnee in Waukegan, Illinois.

32. Plaintiffs are unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 20 persons.

33. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff Pulido's claims are representative of those of other employees. Plaintiff Pulido is acting on behalf of their interests as well as his own interests in bringing this action.

34. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## ILLINOIS CLASS ALLEGATIONS

35. Plaintiff Jose Pulido brings Count II of this action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of himself and all other members of the Illinois Class defined as:

> All general laborers employed by Mick White Renovations, LLC, J. & C. Floor Care, John White, and Carlos Garcia between November 2012 and March 2013 to perform work at the Residence Inn Chicago Waukegan/Gurnee in Waukegan, Illinois.

36. On information and belief, the Illinois Class is so numerous that joinder of all class members is impracticable. Plaintiffs are unable to state at this time the exact size of the potential Illinois Class, but upon information and belief, aver that it consists of at least 20 persons and that most do not speak English as a first language, are not well informed of their rights under federal and state wage theft statutes, and have limited access to lawyers.

37. There are questions of law or fact common to the Illinois Class, including but not limited to the following:

    a. whether Defendants violated 820 ILCS 105/4a by failing to pay named Plaintiff Jose Pulido and other members of the Illinois Class at the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked;

    b. what amount of monetary relief will compensate named Plaintiff Jose Pulido and other members of the Illinois Class for Defendants' violations of 820 ILCS 105/4a.

38. The claims of Plaintiff Jose Pulido are typical of the claims of other members of the Illinois Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of other Illinois Class members.

39. Plaintiff Jose Pulido will fairly and adequately protect the interests of the Illinois Class. His interests are not antagonistic to, but rather are in unison with, the interests of other Illinois Class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Illinois Class in this case.

40. The questions of law or fact that are common to the Illinois Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Illinois Class, listed above, are common to the Illinois Class as a whole, and predominate over any questions affecting only individual class members.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Illinois Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. In contrast, certification of this case pursuant to Federal Rule of Civil Procedure 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE
OVERTIME, FAIR LABOR STANDARDS ACT
ALL DEFENDANTS -- COLLECTIVE ACTION**

42. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

43. Defendants' practice and policy of not paying Plaintiffs and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rates of pay for the hours they worked in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

44. As a result of Defendants' practices and policies, Plaintiffs and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
## OVERTIME, ILLINOIS MINIMUM WAGE LAW
## ALL DEFENDANTS -- CLASS ACTION

45. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

46. 820 ILCS 105/4a provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed."

47. Defendants' practice and policy of not paying Plaintiffs and other members of the Illinois Class overtime compensation at a rate of one and one-half times their regular rates of pay for the hours they worked in excess of 40 hours in a workweek violated 820 ILCS 105/4a.

48. As a result of Defendants' violation of 820 ILCS 105/4a, Plaintiffs and other members of the Illinois Class have been damaged in that they have not received wages due to them pursuant to 820 ILCS 105/4a.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt-in" in this litigation;

C. Issue an order certifying the Illlinois Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

D. Award Plaintiffs and the Illinois Class actual damages for unpaid overtime compensation;

E. Award Plaintiffs and the Illinois Class liquidated damages in an amount equal to the unpaid overtime compensation;

F. Award Plaintiffs and the Illinois Class a penalty in the amount of 2% of the underpayment per month for the length of the violation pursuant to 820 ILCS 115/14(a);

G. Award Plaintiffs and the Illinois Class pre- and post-judgment interest at the statutory rate;

H. Award Plaintiffs and the Illinois Class reasonable attorneys' fees, costs, and disbursements; and

I. Order such further and additional relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all eligible claims and issues.

Dated: December 4, 2015          Respectfully submitted,

WILLENSON LAW, LLC

/s Marni Willenson
Marni Willenson
marni@willensonlaw.com
Willenson Law, LLC
542 S. Dearborn St., Suite 610
Chicago, IL 60605

11

312-508-5380 [Telephone]
312-508-5382 [Facsimile]

COHEN ROSENTHAL & KRAMER LLP

/s/ Jason R. Bristol
Jason R. Bristol
Jason@crklaw.com
The Hoyt Block Building -- Suite 400
700 West St. Clair Avenue
Cleveland, OH 44113
216-781-7956 [Telephone]
216-781-8061 [Facsimile]

Counsel for Plaintiffs