IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE PULIDO, *et al.* ) | |
| ) | Case No. 15-cv-10933 |
| Plaintiffs ) | |
| ) | Judge Robert M. Dow, Jr. |
| v. ) | Magistrate Judge Susan Cox |
| ) | |
| MICK WHITE RENOVATIONS, LLC, *et al.* ) | |
| ) | |
| Defendants. ) | |

**ORDER**
**GRANTING JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**
**AS A COURT-APPROVED STIPULATED JUDGMENT**

Pending before the Court is the parties' Joint Motion to Approve Settlement Agreement as a Court-Approved Stipulated Judgment. In rendering its Decision on the Motion, the Court has considered the following materials:

1. The proposed Settlement Agreement (Exhibit A to the Motion).

2. The declaration of plaintiffs' counsel, Marni Willenson, with exhibits: Exhibit 1, plaintiffs' calculation of damages under the Fair Labor Standards Act and Illinois Minimum Wage Law; Exhibit 2, Ms. Willenson's *curriculum vitae*; and Exhibits 3 and 4, the declarations of attorneys Joshua Karsh and Jamie Franklin.

3. The declaration of plaintiffs' counsel, Jason Bristol.

Upon consideration of these materials, the Court finds and **Orders** as follows:

1. When employees bring a private action for overtime wages under the Fair Labor Standards Act and present to the district court a proposed settlement,

the district court may enter a stipulated judgment after scrutinizing the settlement for fairness in order to satisfy the requirements that the settlement be approved. *D.A. Schulte Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Lynn's Food Stores v. United States*, 679 F2d 1350, 1353 (11th Cir. 1982).

    2.    The Court has reviewed the proposed Settlement Agreement and finds that is a fair compromise of the individual plaintiffs' claims asserted in this case and in the related case pending in the United States District Court for the Northern District of Ohio (*Pulido et al. v. Mick White Renovations, et. al.*, No. 1:15-cv-02398 (N.D. Ohio).) Under the proposed settlement, each plaintiff will recover close to two times plaintiffs' estimate of his unpaid overtime wages and will not be required to use any of those funds to pay attorney's fees or costs.

    3.    The Court has reviewed the information provided respecting the billing rates for plaintiffs' counsel, Marni Willenson and Jason Bristol, and finds that counsel's billing rates, $475 per hour for Ms. Willenson, and $465 per hour for Mr. Bristol, are consistent with market rates for attorneys with their experience, qualifications, and reputations. The Court approves these rates for the purpose of evaluating the fairness of the proposed Settlement Agreement.

    4.    In light of the above, the Court finds that the conditions for approval have been satisfied. The Court therefore approves the Settlement Agreement as a Stipulated Judgment for $45,000 total in damages for the plaintiffs ($10,000 each for plaintiffs Pulido, Gonzalez, Rojas, and Moreno-Aguilera, and $5,000 for Mr.

Tena) and $45,000 total in attorney's fees to Willenson Law, LLC, and Cohen, Rosenthal and Kramer, LLP.

Dated: October 26, 2016 _____
Robert M. Dow, Jr.
United States District Judge